## OTT v. GARLAND.

A parol agreement for the conveyance of land, constitutes a valuable consideration, in law, for a note given for the purchase money, where the purchaser is in possession of the land, and a deed has not been refused.

Appeal from St. Louis Circuit Court.

### B. Allen for Appellant.

1st. The statement of the evidence evinces that the verdict was against evidence, &c.

2d. It and the case of Austin, et al. v. Blue, lately decided in the supreme court, as to what is a negotiable note, and our statute, supports the other position taken on the new trial. And,

3d. If a negotiable note, the defence is still good. See Bayly on Bills, 544, and seq.

### F. W. Risque for Appellee.

In support of the verdict and judgment in the court below, the appellee, by his counsel, refers the court to the following authorities:

Revised Code 1835, page 104, sec. 1; title, Bonds & Notes;
same, " " 105, " 6; same;
same, " " 449, " 1; Practice at Law;
Austin & al. v. Blue, late decision supreme court at Palmyra.

### Opinion of the Court by Tompkins, Judge.

Garland obtained judgment in the circuit court against Ott, on a note made by him to one Sanford, and by Sanford assigned to Garland, the appellee. Ott pleaded that the note was made without consideration. After judgment he moved for a new trial.

Elias T. Langham, a witness produced by the defendant Ott, testified that the note was given in consideration of a lot of ground in St. Louis county, to be conveyed by said

Langham to the defendant; that the deed had never been made to the defendant; the witness stated that he had sold said lot to Wm. T. Sanford, same above mentioned, and purchased it again; that the note was made payable to Sanford to secure one Brent in a sum of money which he owed to said Brent; that these circumstances were known to Sanford when he received the note, and that the indorsement to Garland was to enable him to collect the money. The witness stated that there was nothing in writing betwixt him and the defendant relative to the conveyance of the said land by witness; but that the defendant was in possession of the land, and had been making improvements on it, and that he was ready to make a deed to the defendant; but that none had been either tendered or demanded.

<div style="margin-left:auto">MAY TERM, 1841.</div>

<div style="margin-left:auto">Ott<br>v.<br>Garland.</div>

The evidence in the cause seems to me to be sufficient to prove a valuable consideration. If, indeed, the defendant have reason to believe that, although he is in possession of the land, and Langham is ready to make a deed, yet that the title of Langham is not secure, his remedy is in a court of chancery, where such matters are properly cognizable. But as there has been a possession taken by him, and for some *time held*, and as it is proved that although no tender of a deed has been made, yet he has not demanded one, and still remains in possession, this court cannot say that there is not a sufficient consideration for the execution of such note.

<div style="margin-left:auto">A parol agreem't for the conveyance of land, constitutes a valuable consideration, in law, for a note given for the purchase money, where the purchaser is in possession of the land, and a deed has not been refused.</div>

The judgment of the circuit court is therefore affirmed.